## LIEBERMAN v MATH, et al.
### Case No. 86-4744 SP-P
County Court, Broward County

April 3, 1987

### APPEARANCES OF COUNSEL

**Louis Lieberman,** pro se.
**M. Ross Shulmister** for defendants.

### OPINION OF THE COURT

LINDA R. PRATT, County Judge.

This cause came before the Court for non-jury trial on March 23, 1987. Plaintiff was present pro se, and Defendants were represented by counsel.

From the evidence the Court finds that J.B. ASSOCIATED TRAVEL is the trade name of THE TRAVEL BUREAU, INC. NORTON MATH is an officer of THE TRAVEL BUREAU, INC.

There was no evidence to support that NORTON MATH was involved in any way in an individual capacity, and accordingly there was no basis for any claim against NORTON MATH.

J. B. ASSOCIATED TRAVEL is merely a fictitious name of THE TRAVEL BUREAU, INC.

Plaintiff booked a tour through THE TRAVEL BUREAU, INC. Included in the booking was trip cancellation insurance. The insurance provided for return of deposit money under certain conditions if the trip were cancelled after a deadline.

THE TRAVEL BUREAU, INC. in fact obtained the insurance for which Plaintiff paid, and provided some assistance in Plaintiff filing for his claim. The insurance company allegedly refused to make payment on the policy, contending that cancellation was based on a "pre-existing condition", that is, pre-existing illness of Plaintiff's sister. The Court does not determine whether or not there is a valid claim against the insurance company, because that is not at issue.

The Court finds from the evidence that THE TRAVEL BUREAU, INC. explained (or attempted to explain) the nature of the trip insurance, and did nothing wrong. Plaintiff received the insurance he contracted for, and he had the reservations he contracted for. His decision to cancel the trip (after the cancellation deadline) gave him no right to reclaim the deposit—only to make a claim on the insurance.

The purpose of a deposit is to hold or secure some benefit or contract. The person making the deposit is basically telling the other party that the depositor will forfeit the deposit if he (the depositor) chooses not to claim the benefit.

While the Court is sympathetic to Plaintiff's loss of his deposit, under the circumstances of this case the law does not provide for recourse against the travel agency.

Accordingly, it is hereby

ADJUDGED

That Plaintiff shall take nothing by way of this action, and the parties shall go henceforth without day, each party to bear its own costs.

ORDERED at Pompano Beach, Broward County, Florida on April 3, 1987.